# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHN C. PHELPS II,** | § | |
|     **PLAINTIFF** | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **UNIVERSITY OF TEXAS AT** | § | |
| **SAN ANTONIO HEALTH SCIENCES** | § | |
|     **CENTER** AND | § | |
| **LANCE VILLERS** | § | |
|     **DEFENDANTS** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **JOHN C. PHELPS II** to hereby file "Plaintiff's Original Complaint" and in support would show this Honorable Court the following.

### PREAMBLE

***HIGHLY QUALIFIED AND EXPERIENCED ASSISTANT PROFESSOR TERMINATED BECAUSE OF HIS VETERAN DISABILITY STATUS***

*Plaintiff John was an Assistant Professor with the Department of Emergency Health Sciences at Defendant UTSA-Health (defined hereafter). After numerous years of service to said Defendant, John was cast aside by said Defendant simply because John is a disabled veteran of the United States military. Plaintiff seeks redress of this Court for equitable relief and damages.*

## A. NATURE OF SUIT

1. Plaintiff John was Terminated (defined hereafter) from his employment with Defendant UTSA-Health simply because John suffers from various Disabilities (defined hereafter) stemming from John's service in the United States Army. Such discrimination in John's workplace based on John's Disabilities is prohibited by the laws of the United States. Plaintiff John attempted to administratively prevent and then reverse his discriminatory Termination by Defendants, yet all efforts fell on deaf ears. Plaintiff John exercised John's right to file a complaint with the United States Equal Employment Opportunity Commission ("EEOC") and now seeks judicial redress in accordance with various statutory remedies available to John.

2. Plaintiff John now files this original action for damages and equitable relief pursuant to:

    (a) 42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343; and

    (b) Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011).

## B. PARTIES

3. Plaintiff **JOHN C. PHELPS II** ("John") is an individual residing in the State of Texas.

4. Defendant **UNIVERSITY OF TEXAS AT SAN ANTONIO HEALTH SCIENCES CENTER** ("UTSA-Health") is a public university formed under the laws of the State of Texas, operates under the authority of the State of Texas, and may be served with process herein by personal delivery to Defendant UTSA-Health as follows upon its president:

> **UNIVERSITY OF TEXAS AT SAN ANTONIO**
> **HEALTH SCIENCES CENTER**
> **ATTN: WILLIAM L. HENRICH**
> **OFFICE OF THE PRESIDENT**
> **7703 FLOYD CURL DRIVE**
> **SAN ANTONIO, TEXAS 78229**

5. Defendant LANCE VILLERS ("Villers") is an individual employed by Defendant UTSA-HEALTH as the Chair of the Department of Emergency Health Sciences ("EHS-Dept.") at Defendant UT-Health and may be personally served with process at his place of employment as follows:

> **LANCE VILLERS**
> **UNIVERSITY OF TEXAS AT SAN ANTONIO**
> **HEALTH SCIENCES CENTER**
> **7703 FLOYD CURL DRIVE**
> **SAN ANTONIO, TEXAS 78229**

6. Defendant Villers is a defendant in this matter in his official capacity only with Plaintiff seeking only injunctive relief from Villers.

## C. JURISDICTION and VENUE

7. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

    (a) 42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343 ("Title VII"); and

    (b) Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011).

8. Venue is proper in the Western District of Texas (San Antonio Division) because Defendant UTSA-Health operates its schools in, and from, San Antonio in Bexar County, Texas, which is also where the underlying events occurred. Bexar County is within the Western District of Texas.

## D. FACTUAL BACKGROUND

### *WHO IS JOHN?*

9. Plaintiff John is a male and a veteran of service with the United States Army.

10. As a result of Plaintiff John's service with the United States Army, John was diagnosed with various disabilities including but not being limited to certain physical and anxiety related disorders ("Disabilities").

11. Plaintiff John was initially employed by Defendant UTSA-Health on August 1, 2012. At all times relevant with Defendants, Defendants were well aware

of John's Disabilities as John routinely left his daily employment to receive outside physical therapy and other medical treatments.

12. After Plaintiff John's service with the United States Army but before John's 2012 employment by Defendant UTSA-Health, John held various academic and private sector positions in the provision and management of emergency medical services.

13. Plaintiff John has held various certification in John's field of emergency medical services including but not being limited to:

    (a) Paramedic License, National—National Registry of EMT;

    (b) EMS Instructor—Texas Department of Health State Services;

    (c) BLS/First Aid Instructor—American Heart Association;

    (d) Pediatric Advanced Life Support Instructor-—American Heart Association;

    (e) Advanced Cardiac Life Support Instructor-—American Heart Association;

    (f) Vocational Instructor and Higher Education Instructor—Walters State Community College;

    (g) NAEMSE Instructor, Continuing Education—Coordinating Board for Emergency Medical Services; and

(h) Instructor-Incident Response to Terrorist Bombings—Department of Homeland Security.

14. Plaintiff John's initial employment position with Defendant UTSA-Health in 2012 was as a Clinical Instructor in the EHS-Dept. educating paramedic certification students, San Antonio Fire Department Cadets, and bachelor degree students.

15. In 2019, Defendant UTSA-Health promoted Plaintiff John to the position of an Assistant Professor within the EHS-Dept., and John received a commensurate increase in salary.

16. Plaintiff John was employed by Defendant UTSA-Health through a written contract ("Contract") that was funded by Defendant UTSA-Health funds not otherwise associated with a grant from outside sources.

## *WHO ARE DEFENDANTS*

17. As stated, Defendant UTSA-Health is a public university formed under the laws of the State of Texas and operates under the authority of the State of Texas.

18. As part of its funding, Defendant UTSA-Health receives grants and other funds from the United States government.

19. Defendant Villers was Plaintiff John's Department Chair of the EHS-Dept. of Defendant UTSA-Health.

20. Defendant Villers recommended and upheld Plaintiff John's Termination from Defendant UTSA-Health.

### *Defendants' Discrimination towards John*

21. After seven successful years as an academic instructor and an Assistant Professor with Defendant UTSA-Health, in June 2019, Plaintiff John was notified by Defendant Villers that John's Contract would not be "renewed" for the 2019-2020 school year (hereafter, "Terminated" or "Termination" for in the world of academia, not being "renewed" is tantamount to being terminated.)

22. Prior to Plaintiff John being informed of John's Termination in June 2019, John had never received a verbal or written reprimand from anyone at Defendant UTSA-Health, including but not being limited to Defendant Villers. Nor had John ever received poor evaluations from Defendants.

23. Defendant Villers told Plaintiff John that John's Termination was necessary due to a loss of a funding the United States Army. However, John's position with Defendant UTSA-Health was not a position tied to any funding grant from the United States Army.

24. Other instructors and professors of the EHS-Dept who were retained after the alleged cut off of the funding grant from the United State Army had no disabilities and held substantially less credentials and experience than John. Further,

at least two faculty members so retained were indeed, directly funded by funds from the United States Army that had been purportedly stopped.

25. In challenging Defendant Villers as to why Plaintiff John was being Terminated despite John's years of hard work within the EHS-Dept., Villers told Plaintiff John that:

    (a)    John's termination was what was best for the department; and,

    (b)    Villers would be happy to write John a letter of recommendation for future potential employers.

26. After being informed of Plaintiff John's Termination, John spoke with John's immediate supervisor in the EHS-Dept., being Bruce Butterfras ("Butterfras"). Butterfras informed John that:

    (a)    Butterfras was stunned and surprised by the Termination, as no one had informed Butterfras of John's Termination;

    (b)    John was the last person that Butterfras believed would be Terminated due to John's credentials and extensive service to Defendant UTSA-Health, the United States, and the community at large; and

(c)   no one within the division of the EHS-Dept. John worked within should have been terminated as such division did not rely on any funding from the United States Army.

27.   Butterfras subsequently questioned Defendant Villers about the Termination of Plaintiff John, and Villers responded: *at least [John] is young and can find another job elsewhere.*

28.   Thereafter, Plaintiff John did file a disability discrimination grievance with Defendant UTSA-Health, which was, of course, subsequently determined to be unfounded.

29.   Because the Texas Education Code creates a preference for United States military veterans regarding any "reduction in workforce" decisions, Plaintiff John reached out to Bonnie Blankmeyerm being the faculty ombudsperson. However, Ms. Blankmeyerm and the legal counsel for Defendant UTSA-Health assured John that John's Termination was NOT due to a "reduction in workforce."

30.   Plaintiff John's last day of employment with Defendant UTSA-Health was August 31, 2019.

## *EEOC*

31.   On or about September 30, 2019, John filed a charge of discrimination ("Charge") with the EEOC alleging that John's Termination was the result of Defendant UTSA-Health discrimination of John because of John's Disabilities.

32. The EEOC subsequently issued Plaintiff John a "Right to Sue Letter" dated October 29, 2020. The filing of this lawsuit is made in accordance with the "Right to Sue Letter."

### *Harm to Plaintiff John*

33. Defendant UTSA-Health's discriminatory Termination (based on Plaintiff John's Disabilities) has caused John to suffer physical and economic harm, including without limitation lost pay, and medical expenses. John also suffered extreme emotional harm as a result of the referenced discriminatory Termination by Defendant UTSA-Health.

34. Plaintiff John has met all conditions precedent to bring these claims before this Honorable Court.

### E. CAUSES OF ACTION

35. The foregoing factual allegations contained in the foregoing Section D: Factual Background are incorporated into this Section E by reference for all purposes.

### COUNT ONE: VIOLATION OF TITLE VII

36. Defendant UTSA-Health Terminated Plaintiff John because of John's Disabilities, in violation of Title VII and has caused Plaintiff John to suffer a loss of benefits and created economic losses, including all actual, consequential,

continuing, and future compensatory damages, for which Plaintiff John now sues Defendant UTSA-Health in accord with Title VII.

38. Defendant UTSA-Health Terminated Plaintiff John because of John's Disabilities, in violation of Title VII and has caused Plaintiff John to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff John now sues Defendant UTSA-Health in accord with Title VII.

38. Plaintiff John also seeks injunctive relief as to Defendant Villers to:

(a) Prohibit the further discrimination of Plaintiff John as to John's Disability;

(b) Prohibit the retention of any and all communications and other written materials related to Plaintiff John's Termination;

(c) Prohibit the retention of any and all communications and other written materials which are negative towards Plaintiff John's Termination and are kept in John's personnel file with Defendant UTSA-Health; and

(d) The immediate reinstatement of Plaintiff John as an Assistant Professor with Defendant UTSA-Health with the

payment of all salary and benefits otherwise due John since August 30, 2019.

## COUNT TWO: VIOLATION OF THE ADA

39. The ADA prohibits the discrimination of individuals based on an individual's Disabilities.

40. Defendant UTSA-Health's Termination of Plaintiff John because of John's Disabilities, in violation of the ADA has caused Plaintiff John to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff John now sues Defendant UTSA-Health in accord with the ADA.

41. Defendant UTSA-Health's Termination of Plaintiff John because of John's Disabilities, in violation of the ADA has caused Plaintiff John to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff John now sues Defendant UTSA-Health in accord with the ADA.

### F. OTHER REQUESTED RELIEF.

42. In seeking redress with the Court for the foregoing claims, Plaintiff John is also entitled to:

    (a). Punitive damages, where allowed by law;

    (b)    Reimbursement of the attorneys' fees incurred to pursue this matter;

    (c)    where permitted, pre and post judgment interest, at the highest rates permitted by law; and

    (d)    recovery of costs of court.

43.    Finally, Plaintiff John hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff John respectfully prays that upon final trial of this matter John recover a judgment against Defendant UTSA-Health for:

    (a)    Plaintiff's actual and consequential damages;

    (b)    Exemplary damages in the manner requested above;

    (c)    Plaintiff's reasonable and necessary attorney's fees;

    (d)    Prejudgment and post judgment interest, as applicable;

    (e)    Plaintiff's costs of court; and

Equitable relief as to the actions of Defendant Villers, as requested; and further, any and all such other relief, legal and equitable, as to which Plaintiff John may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

_____
Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
JOHN C. PHELPS II**