IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN C. PHELPS,<br> *Plaintiff,* | §<br>§<br>§ |
| v. | §<br>§   Civil Action No. 5:20-cv-01466-OLG |
| UNIVERSITY OF TEXAS AT SAN<br>ANTONIO HEALTH SCIENCES<br>CENTER and LANCE VILLERS,<br> *Defendants.* | §<br>§<br>§<br>§<br>§ |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE CHIEF JUDGE ORLANDO L. GARCIA:

The University of Texas at San Antonio Health Sciences Center ("UT Health") and Lance Villers (collectively "Defendants") file this Motion to Dismiss Plaintiff's Original Complaint in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and respectfully show the Court as follows:

## I.   INTRODUCTION

UT Health first employed Phelps as a Clinical Instructor then later as an Assistant Professor in the Emergency Health Sciences department from approximately August 1, 2012 until August 31, 2019. Dkt. 1 ¶¶ 11, 30. In June 2019, UT Health notified Phelps that his contract would not be renewed for the following year because of a loss in funding for his position.

Phelps, represented by former attorney Terry P. Gorman, filed his Original Complaint on December 28, 2020. Dkt. 1. On March 3, 2021, the Supreme Court of

Texas cancelled Gorman's law license and allowed him to resign as attorney and counselor at law in lieu of disciplinary action.[1] In light of Gorman's resignation, the Court stayed proceedings in this case until April 25, 2021 for Phelps to retain new counsel. No notice of appearance has been filed on Phelps' behalf, so he now proceeds *pro se* and relies on his only live pleading, the Original Complaint.

In the Original Complaint, Phelps claims UT Health discriminated against him based on disability and alleges two causes of action: (1) disability discrimination under Title VII; and (2) disability discrimination under Title II of the Americans with Disabilities Act ("ADA"). *Id*. ¶¶ 2, 7, 36–41. However, this Court lacks subject matter jurisdiction over Phelps' entire lawsuit because he has failed to plead a single valid cause of action. First, Title VII does not proscribe discrimination based on disability. Next, Title II of the ADA does not create a cause of action for employment discrimination. Therefore, the Court must dismiss Plaintiff's Original Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction as explained below.

## II. STANDARD OF REVIEW

### A.  Lack of Subject Matter Jurisdiction Under Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on

---

[1] Mis. Docket No. 21-9008

the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* Under a Rule 12(b)(1) jurisdictional challenge, the Court may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

### III.   ARGUMENTS AND AUTHORITIES

There is no subject matter jurisdiction when there is no private cause of action. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006).

**A.   Title VII Does Not Create A Cause of Action for Disability Discrimination.**

Phelps alleges UT Health violated Title VII by discriminating against him based on his disabilities. Dkt. 1 ¶¶ 36-37. Disability discrimination does not fall within Title VII's protected classes, so Phelps has not pleaded a valid cause of action under Title VII.

Under § 703(a) of Title VII, it is "an unlawful employment action for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); *Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 443 (S.D. Tex. 2010). Disability is not a protected class

under Title VII, so no cause of action exists for disability discrimination under Title VII.

The Court lacks subject matter jurisdiction over Phelps' Title VII claim and must dismiss it because there is no private cause of action for disability discrimination under Title VII.

**B.     Title II of the ADA Does Not Create a Cause of Action for Employment Discrimination.**

Phelps alleges UT Health violated Title II of the ADA by discriminating against him based on his disabilities when his employment with UT Health ended. Dkt. 1 ¶¶ 7, 39-41. Title II of the ADA does not create a cause of action for employment discrimination. Like Phelps' first claim, he fails to plead a valid cause of action under Title II of the ADA.

Title II of the ADA does not create a cause of action for employment discrimination. *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 420 (5th Cir. 2017) (affirming dismissal of ADA claims based on employment discrimination where Plaintiff did not allege discrimination against him outside of the employer-employee context); *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015) (holding that unlawful medical inquiry by employer constituted a form of employment discrimination and therefore such claim could not be pursued under Title II). Phelps only alleges discrimination within the employer-employee context. Eleventh Amendment immunity cannot be overcome by simply bringing the employment discrimination claim under Title II of the ADA, not Title I, when suing an entity entitled to sovereign immunity.

The Court lacks subject matter jurisdiction over Phelps' Title II ADA claim and must dismiss it because there is no private cause of action for employment discrimination under Title II of the ADA.

## IV.   CONCLUSION

For the reasons explained above, Defendants respectfully request the Court grant its Motion and Dismiss Plaintiff's Original Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and for any such further relief to which Defendants may be justly entitled.

Date: April 28, 2021                           Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

/s/ Brian A. Aslin
**BRIAN A. ASLIN**
Assistant Attorney General
General Litigation Division
Texas Bar No. 24106850
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4196
Facsimile: (512) 320-0667
brian.aslin@oag.texas.gov
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF FILING AND SERVICE

On April 28, 2021, the undersigned attorney filed the foregoing document with the Clerk of the Court for the Western District of Texas and served a true and correct copy of the foregoing to all counsel of record via Certified Mail, Return Receipt Requested (7017 2680 0000 5254 9031) in compliance with the Federal Rules of Civil Procedure.

John C. Phelps
220 Woods of Boerne Blvd.
Boerne, TX 78006

**PRO SE**

/s/ *Brian A. Aslin*
BRIAN A. ASLIN
Assistant Attorney General